IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRAGMATUS AV, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| GLOBAL MEDIA GROUP, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pragmatus AV, LLC ("Pragmatus"), on personal knowledge as to its own acts, and on information and belief as to all others based on its investigation, alleges as follows against Defendant Global Media Group, LLC:

## INTRODUCTION

1.)    This action is brought by Pragmatus against Global Media Group, LLC ("Global Media" or "the Defendant") for Defendant's infringement of Pragmatus's patents. In particular, Pragmatus seeks remedies for Defendant's infringement of U.S. Patent Nos. 6,237,025 ("the '025 Patent"), 6,351,762 ("the '762 Patent"), and 6,212,547 ("the '547 Patent") (collectively, "the patents-in-suit").

2.)    Each of the patents-in-suit is directed towards collaboration and video conferencing technology, including contact lists, video calling, video chat, text-based chat and other types of communications.

3.)    Each of the patents-in-suit is critical to collaboration and video conferencing and has previously been licensed to major collaboration and video conference providers.

4.)     For example, Polycom was granted a license to the patents-in-suit for a Twenty

Seven Million Five Hundred Thousand Dollars ($27,500,000.00) payment and a broad cross

license agreement as described in the Avistar 10K report attached hereto as Exhibit A.

5.)     Further, Tandberg was granted a license to the patents-in-suit for a Twelve

Million Dollar ($12,000,000.00) payment and a broad cross license agreement as described in the

Avistar 10K report attached hereto as Exhibit A.

6.)     Each of the patents-in-suit has been subject to an extensive reexamination request

in the United States Patent and Trademark Office.

7.)     The '025, '762, and '547 Patent reexamination requests were denied by the

United States Patent and Trademark Office.

## PARTIES

8.)     Plaintiff Pragmatus is incorporated under the law of the Commonwealth of

Virginia and has its principal place of business at 601 King Street, Alexandria, VA 22314.

9.)     Pragmatus is informed and believes that Defendant Global Media is an Arizona

limited liability company/corporation. Global Media has a principal place of business at 15020

North 74th Street, Scottsdale, AZ 85260. Defendant Global Media may be served with process

by serving its registered agent, Joel E Barthelemy, 11617 N. Miller Rd., Scottsdale, AZ 85260.

Mr. Barthelemy may also be reached at 15020 N. 74th Street, Scottsdale, AZ 85260.

10.)    Pragmatus is informed and believes that Defendant Global Media offers

videoconferencing services, software and equipment to customers including its videoconference

systems (e.g., the Easyshare VC video software, Mobile teleconference systems, among others).

11.)    Pragmatus is informed and believes that Defendant Global Media designed, made

or had made on its behalf, and placed infringing products and/or services into the stream of

commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users for such products and/or services were located within this judicial district. Pragmatus is informed and believes that Global Media sold, advertised, solicited customers, marketed and distributed its infringing products and/or services in this judicial district.

## JURSIDICTION

12.)     This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and § 1338(a).

## VENUE

13.)     Venue is proper under 28 U.S.C. §§ 1391 and 1400 because Global Media has committed acts of infringement in this district and have purposely availed themselves of the privileges and benefits of the laws of the State of Delaware.

14.)     This Court has personal jurisdiction over Global Media because, among other things, Global Media has committed, aided, abetted, contributed, to and/or participated in the commission of acts giving rise to this action within this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over Global Media would not offend traditional notions of fair play and justice. Global Media designed, made or had made on its behalf, and placed infringing products and/or services into the stream of commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users for such products and/or services were located within this judicial district. Global Media sold, advertised, solicited customers, marketed and distributed its infringing products and/or services in this judicial district.

## THE PATENTS-IN-SUIT

15.)     Paragraphs 1-14 are reincorporated by reference as if fully set forth herein.

16.)    On May 22, 2001, the '025 Patent, titled "Multimedia Collaboration System" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '025 Patent is attached hereto as Exhibit B.

17.)    Pragmatus holds all right, title and interest in and to the '025 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

18.)    On February 26, 2002 the '762 Patent, titled "Method and System for Log-In-Based Video and Multimedia Calls" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '762 Patent is attached hereto as Exhibit C.

19.)    Pragmatus holds all right, title and interest in and to the '762 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

20.)    On April 3, 2001 the '547 Patent, titled "UTP Based Video and Data Conferencing" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '547 Patent is attached hereto as Exhibit D.

21.)    Pragmatus holds all right, title and interest in and to the '547 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

## COUNT I
### (Infringement of United States Patent No. 6,237,025)

22.)    Paragraphs 1-21 are incorporated by reference as if fully restated herein.

23.)    Global Media has and continues to infringe directly one or more claims of the '025 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 33 of the '025 Patent, including at least by providing video conference services and products.

24.)    Global Media has and continues to infringe indirectly one or more claims of the '025 Patent by inducing others to infringe and/or contributing to the infringement by others of at

least claim 33 of the '025 Patent, including at least users of Global Media video conference services and products.  Global Media has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated October 31, 2011.  Global Media's infringement is continuing. See, e.g., http://www.globalmed.com/

25.)  As a result of Global Media's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

**COUNT II**
**(Infringement of United States Patent No. 6,351,762)**

26.)  Paragraphs 1-21 are incorporated by reference as if fully restated herein.

27.)  Global Media has and continues to infringe directly one or more claims of the '762 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 11 of the '762 Patent, including at least by providing video conference services and products.

28.)  Global Media has and continues to infringe indirectly one or more claims of the '762 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 11 of the '762 Patent, including at least users of Global Media video conference services and products.  Global Media has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated October 31, 2011.  Global Media's infringement is continuing. See, e.g., http://www.globalmed.com/

29.)  As a result of Global Media's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

**COUNT III**
**(Infringement of United States Patent No. 6,212,547)**

30.)  Paragraphs 1-21 are incorporated by reference as if fully restated herein.

31.)    Global Media has and continues to infringe directly one or more claims of the '547 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 29 of the '547 Patent, including at least by providing video conference services and products.

32.)    Global Media has and continues to infringe indirectly one or more claims of the '547 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 29 of the '547 Patent, including at least users of Global Media video conference services and products.  Global Media has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated October 31, 2011.  Global Media's infringement is continuing. See, e.g., http://www.globalmed.com/

33.)    As a result of Global Media's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

Pragmatus hereby demands trial by jury on all claims and issues so triable pursuant to Fed. R. Civ. Pro. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Pragmatus respectfully requests that this Court enter judgment against Defendant Global Media as follows:

    a.      for judgment that Global Media has infringed one or more claims of United States Patent Nos. 6,237,025; 6,351,762; and 6,212,547;

    b.      that United States Patent Nos. 6,237,025; 6,351,762; and 6,212,547 are valid and enforceable;

   c.  for damages to be paid by Global Media adequate to compensate Pragmatus for their past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs and disbursements as justified under 35 U.S.C. § 284;

   d.  that this is an exceptional case and awarding Pragmatus its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

   e.  for such further relief at law or equity as the Court deems just and proper.

Dated:  November 3, 2011    FARNAN LLP

       By: /s/ Brian E. Farnan
        Brian E. Farnan (Bar No. 4089)
        919 North Market Street, 12th Floor
        Wilmington, Delaware 19801
        (302) 777-0300
        (302) 777-0301 (Fax)
        bfarnan@farnanlaw.com

       Attorneys for Plaintiff
       PRAGMATUS AV, LLC

Of Counsel:

Anthony Grillo
MARINO AND GRILLO
437 Midland Avenue
Wayne, PA 19087
Telephone: (610) 989-0143
Fax: (610) 549-2385
agrillo@marinogrillo.com